Mr. Earle W. Peterson, Jr. City Attorney City of Fruitland Park P.O. Box 1656 1009 N. 14th Street Leesburg, Florida 32748
Dear Mr. Peterson:
This is in response to your request for an opinion on substantially the following question:
 MAY A CITY DEPOSIT ITS PUBLIC FUNDS IN A NON-QUALIFIED PUBLIC DEPOSITORY PROVIDED THAT THE FUNDS ARE INSURED BY THE FEDERAL DEPOSIT INSURANCE ACT?
In 1981 the Legislature enacted Ch. 81-285, Laws of Florida, which created the `Florida Security for Public Deposits Act.' This act was assigned by the Division of Statutory Revision to Chapter 280
of the Florida Statutes. Section 280.03, F.S., provides the basic requirement of the new law. `On and after January 1, 1982, all public deposits in qualified public depositories shall be secured as provided in this chapter. No public deposit shall be made except in a qualified public depository.' (e.s.) Subsection (1) of s 280.02, F.S., defines `public deposit' to include the moneys of municipality `that are placed on deposit in a bank or savings association in the state.' Thus, all public moneys of a municipality placed on deposit in a bank or savings association would come within the purview of Ch. 280. `Qualified public depository' is defined by subsection (3) of s 280.02, F.S., to mean any bank or savings association organized under the laws of this state or of the United States `and having its principal place of business in this state, that meets all of the requirements of this chapter and that has been designated by the Treasurer as a qualified public depository.' (e.s.) This new law has certain collateral requirements for qualified public depositories which have public moneys on deposit. Section 280.04(1), F.S., in pertinent part, provides: `Every qualified public depository shall deposit with the Treasurer eligible collateral equal to or in excess of the required collateral of such depository to be held subject to his order. . . . No qualified public depository may accept or retain any public deposit which is required to be secured unless it has deposited eligible collateral equal to its required collateral pursuant to this chapter.' Subsection (6) of s280.02, F.S., sets forth the definition of `required collateral':
 `Required collateral' of a qualified public depository means eligible collateral having a value equal to 50 percent of the average daily balance for each month of all public deposits in excess of any applicable deposit insurance held by such depository during the 12 calendar months immediately preceding the date of any computation of such balance. However, in no case shall the required collateral be less than 50 percent of the public deposits in excess of any applicable deposit insurance then held by such depository. To the extent that public deposits exceed the total amount of the capital accounts of a bank or stock savings association or the net worh of a mutual savings association, the required collateral shall be equal in value to such deposits. (e.s.)
You question whether a city may deposit its public funds in a non-qualified public depository provided such funds are insured by the Federal Deposit Insurance Act. Section 280.03, F.S., clearly requires that no public deposit can be made except in a qualified
public depository, i.e., one that meets all of the requirements of Ch. 280 and that has been designated by the Treasurer as a qualified public depository. See, s 280.02(3) F.S. Therefore, your question must be answered in the negative.
You state in your letter that there appears to be a conflict between the new `Florida Security for Public Deposits Act' and s658.60, F.S., which was in effect at the time the new law was enacted. This conflict, as you see it, is based on the provisions in s 658.60, F.S., that provide inter alia, that banks shall be depositories of public moneys and `[b]anks so designated shall give satisfactory security for the safekeeping and prompt payment of the public moneys deposited with them . . . as provided in chapter 280.' (e.s.) Subsection (2) of s 658.60 further provides that notwithstanding any other provision of that section or the provision of any other law requiring security for deposits of funds `security for such deposits shall not be required to the extent that such deposits are insured under the provisions of the Federal Deposit Insurance Act, as now or hereafter amended.' Any apparent conflict between Ch. 280, F.S., and s 658.60, F.S., quickly dissolves after an analysis of the definition of `required collateral' provided by subsection (6) of s 280.02, F.S., set forth above. While it is true that subsection (2) of s 658.60
provides, among other things, that `[n]otwithstanding any other provision of this section or the provisions of any other law requiring security for deposits of funds . . . security for such deposits shall not be required to the extent that such deposits are insured under the provisions of the Federal Deposit Insurance Act,' this language must be read with that in subsection (1) which applies to depositories of public moneys `so designated,' and s280.02(3) which provides for the designation of qualified public depositories by the Treasurer. Subsection (6) of s 280.02, expressly recognizes this federal deposit insurance provision in establishing the formula of `required collateral' as eligible collateral with a value of 50 percent of the average daily balance for each month of all public deposits in excess of any applicabledeposit insurance, or in no case less than 50 percent of the public deposit in excess of any applicable deposit insurance then held by the depository. The collateral required by Ch. 280 is only for the amount of those public funds deposited which exceeds the bank's or savings association's applicable deposit insurance. Thus, there is no conflict between Ch. 280, F.S., and s 658.60, F.S., because both statutes refer to `designated' depositories and the definition of `required collateral' applies only to those public moneys which are in excess of the qualified and designated public depository's deposit insurance, which for banks is under the provisions of the Federal Deposit Insurance Act.
It is therefore my opinion that the public moneys of a municipality must be deposited in a qualified public depository designated by the State Treasurer as provided by Ch. 280, F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General